[Civ. No. 3090. Second Appellate District, Division One.—June 22, 1920.]

## THEODORE BOWEN, Appellant, v. SETH HICKEY, Respondent.

[1] FORCIBLE ENTRY AND DETAINER—SURRENDER OF POSSESSION ON DEMAND—EVIDENCE — JUDGMENT — IMMATERIAL ERRONEOUS FINDINGS.—In this action of forcible entry and detainer, the trial court having found that on the evening of a specified day plaintiff served defendant with written demand for possession of the premises in question and that "thereupon, pursuant to said demand, defendant surrendered possession thereof to plaintiff, and that defendant does not still unlawfully hold or continue in possession of same, against the form of the statute in such cases made or provided," and such finding having been supported by the evidence, judgment for defendant was proper, it being immaterial that the court's findings in favor of defendant on the questions of the possession of the premises on and prior to that date and the unlawful entry thereon by defendant were contrary to the evidence.

[2] ID.—SUBSEQUENT ENTRY UPON PREMISES—ABSENCE OF DEMAND FOR POSSESSION—JUDGMENT.—In such action, the trial court having found that, upon demand being made by plaintiff, defendant surrendered possession of the premises to plaintiff, properly ordered judgment entered in favor of defendant, notwithstanding the evidence showed that at a subsequent date defendant again went into possession of the premises and still remained there at the time of the commencement of the action, there being no showing that any subsequent demand was made on defendant to surrender possession of the premises.

APPEAL from a judgment of the Superior Court of Riverside County. Wm. D. Dehy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank C. Prescott and Burton E. Hales for Appellant.

F. E. Dunlap and H. F. Bridges for Respondent.

CONREY, P. J.—In this action of forcible entry and detainer, the plaintiff appeals from a judgment entered in favor of the defendant.

The complaint alleged that on the twenty-third day of November, 1912, and for more than four years previous

thereto, plaintiff was in the peaceable and actual possession and entitled to the possession of the real property described in the complaint; that on the twenty-third day of November, 1912, during the absence of the plaintiff therefrom, the defendant unlawfully entered upon said land and took possession of the same. On these allegations the court made its findings in favor of the defendant. The evidence is not sufficient to support these findings, but, on the contrary, without conflict, sustains the allegations in the complaint.

[1] The complaint next alleged that on the evening of the twenty-third day of November, 1912, plaintiff made a demand in writing upon the defendant to deliver up to plaintiff the possession of said premises, but the defendant refused and still refuses after a period of five days to surrender possession, etc. The evidence shows, and the court found, that the notice was served as stated. But the court found that ''thereupon, pursuant to said demand, defendant surrendered possession thereof to plaintiff, and that defendant does not still unlawfully hold or continue in possession of same, against the form of the statute in such cases made or provided.'' The evidence is sufficient to sustain this finding. Immediately upon service of the said notice, the defendant and the persons with him left the premises, taking with them their wagon and implements and everything that they had brought to the land. The defendant testified that it was his intention at that time to surrender possession of the land to the plaintiff, and that he did not at that time gave any thought as to his future action with reference to the land. [2] It is true that the evidence further shows that twenty-eight days later the defendant again went into possession of the premises and still remained there at the time of the commencement of this action on January 13, 1913. It does not appear that any notice demanding possession by the plaintiff was ever served other than the notice of November 23, 1912. At the time of said transactions in November and December, 1912, the plaintiff was occupying a house erected by him on a part of the premises in question and his occupancy thereof was not disturbed by the defendant. Since the evidence justified the court's finding in favor of the defendant to the effect that he surrendered possession to the plaintiff

in response to the notice given, it becomes immaterial that the findings first mentioned were not sustained by the evidence. If those findings had been favorable to the plaintiff, the appropriate judgment nevertheless would have been in favor· of the defendant.

The judgment is affirmed.

Shaw, J., and James, J., concurred.